JBastle, J.
The main, if not the only difficulty in the will which is now presented to us for construction, has arisen from the dissent of the widow from it.. The whole. scopp of the will prior to the tenth item, in providing for the testator’s family, is manifestly framed upon the supposition of the continued existence of his wife, as a widow. He foresaw that her death or marriage would entirely derange his plans, and ho therefore declares in the tenth item, that should she die or-marry, his desire was, that all of his .money, and all of his property' of every kind, ■ should either be sold or divided, as might be agreed upon by his children, each taking an eqúal.share.
There was another event which might happen* and which, if it did occur, would as effectually break up ’hi» family arrangement, as • either of the other two ; hut which lie seems not to have anticipated, and therefore made no provision against it. This was the dissent of the widow, and her claiming her share of tlje property, as if he had died intestate. The effect of this upon the dispo- *106 «itions made for his children in the will, must-, alter the .assignment of her dower, and the giving her an equal part with thejchildren, of the personal estate, be the same as if she had died or married. The executors must there-' fore, proceed to dispose of the property as directed by the .tenth «lause of the will. The administrator and administrate: of the children who have died since the death of their father, will be entitled to their respective shares of the personal estate. The case of Adams vs. Gillespie, 2 Jones’ Eq., 244, shows that where there is the legacy of a «lave to a wife for life, with remainder,' the dissent of the widow will hasten the vesting in possession, of the remainder.
The plaintiff may have a decree in-accordance with this opinion.
Note. — Tiv decree <h>cl.uv.< t.int; upon the di.--ir.it of Cornelia ¡3. Ktaf- . ford, the widow of the Uetator, ilia personal ««.ale italbu hands of the plaintiff as executor, i ocams subject to distribution .among the widow and M-xt of kin of t-he testator, as ij he had died intestate." And it I'-t adjudged and decreed,, that “ the- p!aint!ff pay her one ninth part-of said estate, r< training after paying the debts of the testator and the costa and charges of administration — to ho held by her in her own right, and or.e other ninth part to bo held by her a* administratis,” &o. And the cause’is retained with liberty to any of the parties to apply for further directions therein.